**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**MOUSSA DIARRA,**

**Plaintiff,**

**v.**

**FOOD AND DRUG ADMINISTRATION; *et al.*,**

**Defendants.**

**No. 5:22-cv-33-TES-CHW**

**ORDER**

Plaintiff Moussa Diarra, a pretrial detainee in the DeKalb County Jail in Decatur, Georgia, has filed a civil action against the Food and Drug Administration, the States of Georgia and Florida, the United States, and the DeKalb County Jail. [ECF No. 1]. Because he has not paid the required filing fee ($402.00), the Court assumes Plaintiff wishes to proceed without prepayment of the filing fee. The Court finds, however, that Plaintiff may not proceed *in forma pauperis* because, as discussed below, this Court has dismissed at least three of Plaintiff's prior lawsuits as frivolous. These dismissals, therefore, count as "strikes" under 28 U.S.C. § 1915(g). Plaintiff has made no credible allegations that show he is in imminent danger of serious physical injury. [*Id*.]. The Court, therefore, dismisses Plaintiff's complaint without

Additionally, Plaintiff is **ORDERED** to **SHOW CAUSE** within **FOURTEEN (14)**

**DAYS** of the date of this Order why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous complaints and motions in this Court and abuse of judicial process.

**THREE-STRIKES DISMISSAL**

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses the prisoner's federal lawsuit or appeal on the grounds that it is frivolous, malicious, fails to state a claim, or the prisoner failed to exhaust administrative remedies. *See White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) (citation omitted); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that Plaintiff has filed

numerous federal lawsuits and, in this Court alone,[1] ten of these lawsuits have been dismissed as frivolous.[2] Accordingly, 28 U.S.C. § 1915(g) bars Plaintiff from prosecuting this action *in forma pauperis* unless he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To invoke this exception, a prisoner must allege specific facts that describe an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1349–50 (11th Cir. 2004). Plaintiff has made no credible allegations of imminent danger.

---

[1] Plaintiff may have additional "strikes" because he has filed numerous lawsuits in the Northern District of Georgia, the Middle District of Florida, the Southern District of New York, and the District of Columbia District Court. The Court, however, need not look beyond its own docket to find more than three complaints that have been dismissed as frivolous.

[2] *See* Order Dismissing Compl., *Diarra v. Metro PCS*, 5:21-cv-277-TES-CHW (M.D. Ga. Oct. 6, 2021) (dismissing complaint as frivolous), ECF No. 6; Order Dismissing Compl., *Diarra v. Spivey*, 5:21-cv-276-MTT-CHW (M.D. Ga. Aug. 24, 2021) (dismissing complaint as frivolous), ECF No. 8; Order Dismissing Comp., *Diarra v. Trump*, 5:21-cv-288-MTT-CHW (M.D. Ga. Aug. 23, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Denying Mandamus and Dismissing Compl, *Diarra v. Al-Furqaan Found.*, 5:21-cv-250-MTT-CHW (M.D. Ga. Aug. 5, 2021) (denying mandamus and dismissing as frivolous), ECF No. 4; Order Denying Mandamus and Dismissing Compl., *Diarra v. Broadus*, 5:21-cv-251-TES-CHW (M.D. Ga. Aug. 5, 2021) (denying mandamus and dismissing as frivolous); ECF No. 4; *Diarra v. Soc. Sec'y Admin.*, 5:21-cv-252-TES-CHW (M.D. Ga. July 30, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. Connolly*, 5:21-cv-247-MTT-CHW (M.D. Ga. July 29, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. FBI*, 5:21-cv-253-TES-MSH (M.D. Ga. July 29, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (M.D. Ga. July 27, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Denying Mandamus and Dismissing Compl., *Diarra v. Roc Nation, LLC*, No. 4:21-cv-115-CDL-MSH (M.D. Ga. July 12, 2021) (denying mandamus and dismissing as frivolous), ECF No. 4.

Instead, Plaintiff alleges that he is a Prince confined in the DeKalb County Jail. [ECF No. 1 at 1]. He complains that "DeKalb County in conjunction with U.S. Government, Officer[s], Individuals, Businesses, Corporation[s], and Public Figures, Doctors, [and] Nurses has (sic) used deceptive means, conspiracy to commit serious crimes effecting (sic) [his] inner organs, stomach, and reproduction from making birth." [*Id*. at 2]. Presumably Plaintiff thinks the Food and Drug Administration and others are using the "jail facilit[ies] to tamper with food, [and] effect (sic) produce." [*Id*. at 1]. While unclear, he seems to argue that unnamed entities are conducting "medical surveillance for experiment," engaging in "unlawful monitoring," and employing "mind-reading devices" all in an effort to "tamper with [his] food and receive private gain for cooperation (sic)." [*Id*. at 2]. These allegations are delusional and do not show "imminent danger of serious physical injury."[3] 28 U.S.C. § 1915(g).

In conclusion, the Court will not allow Plaintiff to proceed without prepayment of the $402.00 filing fee and, therefore, the Court **DISMISSES** Plaintiff's complaint

[3] Even if the three-strikes provision in 28 U.S.C. § 1915(g) did not bar Plaintiff from proceeding without prepayment of the full filing fee, his complaint would be dismissed as frivolous because it contains fanciful, delusional allegations.

**without prejudice**.[4] Plaintiff's motions (ECF Nos. 3; 4; 5) are **DENIED** as moot.

## ORDER TO SHOW CAUSE

This is far from the first civil action Plaintiff has filed in this Court. Although Plaintiff is not incarcerated in the Middle District of Georgia and does not complain about events that occurred in the Middle District, he filed 22 civil actions in this Court between July 2, 2021 and August 23, 2021.[5] All of these actions were either dismissed as

[4] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when a court denies *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $402.00 filing fee. Thus, if Plaintiff wants the Court to consider his claims, he may file a new complaint and pay the full filing fee.

[5] *Diarra v. DeKalb Cnty. Jail*, 4:21-cv-113-CDL-MSH (M.D. Ga. July 2, 2021); *Diarra v. ROC Nat'l LLC*, 4:21-cv-115-CDL-MSH (M.D. Ga. July 2, 2021) *Diarra v. Dep't of Health and Human Serv*., 4:21-cv-116-CDL-MSH (M.D. Ga. July 2, 2021); *Diarra v. West Cent. Ga. Reg'l Hosp*., 4:21-cv-112-CDL-MSH (M.D. Ga July 2, 2021); *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (M.D. Ga. July 2, 2021); *Diarra v. Connolly*, 5:21-cv-247-MTT-CHW (M.D. Ga. July 21, 2021); *Diarra v. ACCC Ins. Co*., 5:21-cv-248-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Soc. Sec. Admin*., 5:21-cv-252-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. FBI*, 5:21-cv-253-TES-MSH (M.D. Ga. July 21, 2021); *Diarra v. Brown*, 5:21-cv-249-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Al Furqann Found*., 5:21-cv-250-MTT-MSH (M.D. Ga July 21, 2021); *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (M.D. Ga. July 21, 2021); *Diarra v. Rice*, 5:21-cv-273-MTT-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. Dep't of Juv. Just*., 5:21-cv-274-TES-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. Spivey*, 5:21-cv-276-MTT-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. Metro PCS*, 5:21-cv-277-TES-CHW (M.D. Ga. Aug. 8, 2021); *Diarra v. Ga. Sheriff Assoc*., 5:21-cv-278-TES-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. Trump*, 5:21-cv-287-TES-CHW (M.D. Ga. Aug. 22, 2021); *Diarra v. Trump*, 5:21-cv-288-MTT-CHW (M.D. Ga. Aug. 11, 2021); *Diarra v. DeKalb Cnty. Police Chief*, 5:21-cv-290-MTT-MSH (M.D. Ga. Aug. 11, 2021); *Diarra v. U.S. Gov't*, 5:21-cv-307-TES-CHW (M.D. Ga. Aug. 23, 2021); *Diarra v. State of Ga. Governor*, 5:21-cv-309-TES-CHW (M.D. Ga. Aug. 23, 2021).

frivolous, for failure to prosecute, for lack of jurisdiction, due to three strikes under 42 U.S.C. § 1915(g), or transferred to the United States District Court in the Northern District of Georgia because venue was not proper in the Middle District. There was a lull in Plaintiff's legal activities in this Court from late August 2021 through December 2021. Plaintiff returned to this Court on January 14, 2022, filing this case and five more civil actions.[6] From May 2021 until the current date, Plaintiff has filed approximately 109 civil actions in various district courts,[7] which means he files over 12 civil actions per month. This number does not include the 27 appeals he filed in various federal appellate courts during this same period. *See* Federal Judiciary's Public Access to Court Electronic Records ("PACER") database.

If the actions filed in this Court are any indication, most, if not all, of Plaintiff's complaints are factually frivolous. His allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citations omitted). For example,

---

6 *Diarra v. Obama*, 5:22-cv-28-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. U.S.P.S.*, 5:22-cv-031-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Diarra*, 5:22-cv-32-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Ga. Sheriff Assoc.*, 5:22-cv-34-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Ga. Sheriff Assoc.*, 5:22-cv-35-TES-CHW (M.D. Ga. Jan. 14, 2022).

7 As stated above, Plaintiff has filed civil actions in the Northern District of Georgia, Middle District of Florida, Southern District of New York, and District Court for the District of Columbia. *See* Federal Judiciary's Public Access to Court Electronic Records ("PACER") database.

Plaintiff has variously described himself as a prince,[8] a foreign national,[9] an ambassador from some unknown country,[10] an internationally protected person,[11] a religious figure,[12] a direct descendant of Tupac Shakur,[13] and a close friend of Beyoncé Knowles.[14] Plaintiff has sought to have the Court order Beyoncé Knowles and her husband, Jay Z, to pay Plaintiff $100,000;[15] to have Snoop Dog pay Plaintiff $3,500,000 that Snoop Dog allegedly owed Tupac Shakur;[16] and to have an Islamic charitable foundation pay him $154,000 for various services he performed in his role as a religious figure.[17] Many of Plaintiff's cases share the common theme that Plaintiff is a victim of a widespread governmental conspiracy involving former Presidents Donald

---

[8] *Diarra v. Metro PCS,* 5:21-cv-277-TES-CHW (M.D. Ga. Aug. 2, 2021).

[9] *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (M.D. Ga. July 2, 2021).

[10] *Diarra v. FBI,* 5:21-cv-253-TES-MSH (M.D. Ga. July 21, 2021).

[11] *Diarra v. Metro PCS*, 5:21-cv-277-TES-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. Rice*, 5:21-cv-273-MTT-CHW (M.D. Ga. Aug. 2, 2021).

[12] *Diarra v. Al Furquann Found*., 5:21-cv-250-MTT-MSH (M.D. Ga. July 21, 2021).

[13] *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (M.D. Ga. July 21, 2021).

[14] *Diarra v. ROC National LLC*, 4:21-cv-115-CDL-MSH (M.D. Ga. July 2, 2021).

[15] *Id*.

[16] *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (M.D. Ga. July 21, 2021).

[17] *Diarra v. Al Furquann Found*., 5:21-cv-250-MTT-MSH (M.D. Ga. July 21, 2021).

Trump and Barack Obama, former Secretary of State Condoleeza Rice, the Social Security Administration, the FBI, Georgia Governor Brian Kemp, DeKalb County, and various insurance companies.[18] Plaintiff believes he has been intentionally infected with a sexually transmitted disease, kidnapped, and placed in the DeKalb County Jail, where various known and unknown entities watch his every move, rape him, attempt to poison him, and perform various unauthorized medical procedures on him.[19]

Plaintiff not only files numerous frivolous civil complaints, but he also files various nonsensical motions, petitions, letters, and requests. For example, in each of his six most recent actions,[20] Plaintiff filed three identical documents. One he titled "Emergency Filing Forms; Request for Administrative Review," in which Plaintiff states

---

[18] *Diarra v Obama*, 5:22-cv-28-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Trump*, 5:21-cv-288-TES-CHW (M.D. Ga. Aug. 11, 2021); *Diarra v. Rice*, 5:21-cv-273-MTT-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Soc. Sec'y Admin.*, 5:21-cv-252-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Fed. Bureau of Investigation*, 5:21-cv-253-TES-MSH (M.D. Ga. July 21, 2021).

[19] ECF No. 1 at 1-2; *Diarra v Obama*, 5:22-cv-28-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Trump*, 5:21-cv-288-TES-CHW (M.D. Ga. Aug. 11, 2021); *Diarra v. Rice*, 5:21-cv-273-MTT-CHW (M.D. Ga. Aug. 2, 2021); *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Soc. Sec'y Admin.*, 5:21-cv-252-TES-CHW (M.D. Ga. July 21, 2021); *Diarra v. Fed. Bureau of Investigation*, 5:21-cv-253-TES-MSH (M.D. Ga. July 21, 2021).

[20] In addition to filing these documents in this case, Plaintiff filed them in *Diarra v. Obama*, 5:22-cv-28-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. United States Postal Serv.*, 5:22-cv-31-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Diarra*, 5:22-cv-32-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Ga. Sheriff's Assoc.*, 5:22-cv-34-TES-CHW (M.D. Ga. Jan. 14, 2022); *Diarra v. Ga. Sheriff's Assoc.*, 5:22-cv-35-TES-CHW (M.D. Ga. Jan. 14, 2022).

he is an "international protected person" who DeKalb County kidnapped and incarcerated so that unspecified persons can violate him by committing various crimes, such as rape, privacy violations, copyright violations, and human trafficking. [ECF No. 5 at 1–2]. Another he titled "Petition for Administrative Review of Filing Requirements Violations; Forgery, Record Fraud, Concealment of Facts," in which he alleges he is a "Foreign National /Prince," who is being "falsely impersonat[ed] in an (sic) legal proceeding," and unspecified persons are tampering with "everything." [ECF No. 3 at 1]. He requests "a review of filings" he has made in the Court. [*Id*.]. Finally, he filed an "Emergency Petition, HIV Exposure, Denial Medicine via Prescription, H.I.P.P.A./Medical Discrimination; Jailed for Medical Treatment, Concealment of Facts—PREA Violations via Medical Discrimination (Sleep Disorders Computer Chip) #Dell #SecurusTechnologies #Computer Crimes." [ECF No. 4]. In this, Plaintiff states DeKalb County and ACCC Insurance Company used a "female who have (sic) STD" to "entrap" him, a "Foreign National (Prince)." [*Id*. at 1]. He claims he was thereafter denied medical insurance, a social security number, and identification cards. [*Id*.]. Later, while he was "unconscious," surgery was performed on him without his knowledge and his "back kidney was removed." [*Id*.]. Additionally, Plaintiff states he is currently being "moved around while sleep" at the Dekalb County Jail and has been hooked to "'sleep devices' via computed connected devices being operated by the jail facility." [*Id*. at 2].

Plaintiff's insistence on repeatedly filing nonsensical, frivolous civil actions and motions in this Court is both vexatious and abusive. Access to the courts—while unquestionably a right of considerable constitutional significance"—is "neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id*. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Klayman v. DeLuca*, 712 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam)). "[D]istrict courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096.

Such restrictions should be measured and tailored to the specific circumstances, and they must still protect litigants' access to the courts. *See Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010). For example, the Eleventh Circuit has

> upheld an injunction prohibiting a frequent litigant from filing any new actions against his former employer without first obtaining leave of the court; an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing; and an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval.

*Id*. (citations omitted). Additionally, in *Cofield v. Alabama Public Service Commission*, the

district court dismissed with prejudice all of a prisoner-plaintiff's pending suits and ordered him "to pay the full filing fees for all future lawsuits and to seek judicial approval for any complaints or papers filed in the future." 936 F.2d 512, 514 (11th Cir. 1991). On appeal, the Eleventh Circuit held that, as to the dismissal of all the pending suits, "the district court did not abuse its discretion because the cases were all frivolous." *Id*. at 515–16. And as to the injunction, the Eleventh Circuit affirmed the provision requiring the plaintiff to obtain leave of court before filing, although it reversed the provision denying him *in forma pauperis* status in all future cases. *Id*. at 516–19. The law, therefore, provides ample authority for this Court to sanction Plaintiff for his behavior.

Because Plaintiff continues to file frivolous civil actions even after accruing three strikes for § 1915(g) purposes, it is **HEREBY ORDERED** that Plaintiff **RESPOND** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous pleadings in this Court and blatant abuse of the judicial process. Plaintiff's response to this Show Cause Order must be submitted within **FOURTEEN (14) DAYS** of the date of this Order. Sanctions to be considered by this Court include, but are not limited to, a prohibition against future pro se filings. *See Cobble v. v. Neely*, 1:18-cv-172-LAG, ECF No. 19 (M.D. Ga. Jan. 31, 2019) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Middle District of Georgia for two years); *Cobble v. Unnamed*, 1:16-CV-3714-SCJ,

ECF No. 5 (N.D. Ga. Oct. 27, 2016) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Northern District of Georgia for one year.).

In conclusion, Plaintiff's current action is **DISMISSED without prejudice** because he may not proceed *in forma pauperis*. Additionally, Plaintiff is **ORDERED** to respond within **FOURTEEN (14) DAYS** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 31st day of January , 2022.

S/ Tilman E. Self, III
**TILLMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**