IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MOUSSA DIARRA,** | : |
| **Plaintiff,** | : |
| v. | : |
| | : No. 5:22-cv-33-TES-CHW |
| **FOOD AND DRUG ADMINISTRATION;** *et al.*, | : |
| **Defendants.** | : |

## ORDER

On January 31, 2022, the Court dismissed Plaintiff Moussa Diarra's complaint in the above-captioned case based on the three-strikes rule in 28 U.S.C. § 1915(g) and ordered Diarra to show cause within 14 days why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous pleadings in this Court. ECF No. 7. That Order provided details regarding the numerous frivolous complaints and motions that Diarra filed in this Court over the past seven months. *Id*. at 5–9. The Court notified Diarra that his "insistence on repeatedly filing nonsensical, frivolous civil actions and motions in this Court is both vexatious and abusive." *Id*. at 10. The Court informed Diarra that, absent a response to the Show Cause Order, the Court would impose sanctions, which could include prohibitions against future filings. *Id*. at 11. Diarra did not respond to the Show Cause Order.

Access to the courts—while unquestionably a right of considerable constitutional significance"—is "neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d

1091, 1096 (11th Cir. 2008) (citations omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id*. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Klayman v. DeLuca*, 712 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam)). "[D]istrict courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096. The Eleventh Circuit has upheld restrictions that are measured and tailored to the particular circumstances and that still protect the litigant's access to the Court, such as requiring a frequent litigant to get judicial approval prior to filing a pleading. *See United States v. Morse,* 532 F.3d 1130, 1133 (11th Cir. 2008) (per curiam) (collecting cases); *Cofield v. Ala. Public Serv, Comm'n*, 936 F.2d 512, 514–19 (11th Cir. 1991); *Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (per curiam).

Because Diarra has engaged in a well-documented practice of filing frivolous and vexatious litigation[1] and has failed to show cause why he should not be sanctioned, the

---

[1] See Order Dismissing Compl., *Diarra v. Metro PCS*, 5:21-cv-277-TES-CHW (M.D. Ga. Oct. 6, 2021) (dismissing complaint as frivolous), ECF No. 6; Order Dismissing Compl., *Diarra v. Spivey*, 5:21-cv-276-MTT-CHW (M.D. Ga. Aug. 24, 2021) (dismissing complaint as frivolous), ECF No. 8; Order Dismissing Comp., *Diarra v. Trump*, 5:21-cv-288-MTT-CHW (M.D. Ga. Aug. 23, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Denying Mandamus and Dismissing Compl, *Diarra v. Al-Furqaan Found.*, 5:21-cv-250-MTT-CHW (M.D. Ga. Aug. 5, 2021) (denying mandamus and dismissing as frivolous), ECF No. 4; Order Denying Mandamus and Dismissing Compl., *Diarra v. Broadus*, 5:21-cv-251-TES-CHW (M.D. Ga. Aug. 5, 2021) (denying mandamus and dismissing as frivolous); ECF No. 4; *Diarra v. Soc'y Admin.*, 5:21-cv-252-TES-CHW (M.D. Ga. July 30, 2021) (dismissing complaint as

Court **HEREBY ORDERS** as follows:

(1) For a period of one year (to run from the date that this Order is filed) on all civil actions Diarra seeks to initiate, the Clerk of Court shall receive the papers that Diarra submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether Diarra qualifies as indigent and whether he has stated a claim with any arguable merit.   Upon receipt, the Court will read and consider Diarra's pleadings.   Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed.

(2) With the exception of notices of appeal and motions to proceed on appeal *in forma pauperis*, the Clerk of Court shall docket motions or papers in any previously dismissed case as a notice of filing rather than a motion.   Such documents shall be retained for appellate and historical purposes only.   If a notice of appeal is filed in any previously dismissed case, the Clerk of Court shall forward a copy of this Order, the notice of appeal, and the dismissed complaint or petition to the Eleventh Circuit Court of Appeals.   Diarra shall remain responsible for appellate filing fees (or he may move this Court for *in forma pauperis* status on appeal, per Rule 24 of the Federal Rules of Appellate Procedure).

These filing restrictions do not apply to any criminal case in which Diarra is

---

frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. Connolly*, 5:21-cv-247-MTT-CHW (M.D. Ga. July 29, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. FBI*, 5:21-cv-253-TES-MSH (M.D. Ga. July 29, 2021) (dismissing complaint as frivolous), ECF No. 4; Order Dismissing Compl., *Diarra v. ACCC Ins. Co*, 5:21-cv-248-TES-CHW (M.D. Ga. July 27, 2021) (dismissing complaint as frivolous), ECF No. 4;   Order Denying Mandamus and Dismissing Compl., *Diarra v. Roc Nation, LLC*, No. 4:21-cv-115-CDL-MSH (M.D. Ga. July 12, 2021) (denying mandamus and dismissing as frivolous), ECF No. 4.

named as a defendant, or to any proper (e.g., non-successive) application for a writ of habeas corpus. The Court notes, however, that Diarra simply labeling a pleading as "habeas corpus" will not escape this Order because substance—not form—governs. The Court will review all filings regardless of how they are styled in accordance with the parameters set forth above.

Once these restrictions expire, Diarra must ensure that any future litigation he commences follows the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to do so may result in the Court re-imposing these restrictions for a longer duration.

**SO ORDERED**, this 23rd day of February, 2022.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**